MARTIN CASEY, ADMINISTRATOR, v. W. H. TURNER AND ANOTHER.

1—To a suit on a note for $201, the only defense was that the note was payable in Confederate money. The evidence as to this defense was conflicting, and the plaintiff obtained verdict and judgment for $31. *Held*, that the verdict and judgment were erroneous in any point of view: for, if the note was payable in Confederate money no suit could be maintained on it; and if payable in lawful money, the verdict and judgment should have been for the principal of the note with interest.

2—But the plaintiff being an administrator, and the note being due him in his fiduciary capacity, for a consideration moving from the estate under his charge, he had no authority to take a note payable in anything but lawful money. The judgment is therefore reversed, reformed, and rendered for the principal and interest of the note.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The opinion shows the material facts.

*M. Casey*, in person, for appellant.

No brief for appellees.

MORRILL, C. J.—Suit by an administrator of a deceased intestate upon a note executed in February, 1864, calling for $201 00, payable 1st of January, 1865, the consideration being the hire of a slave of the estate. The verdict of the jury was for $31 33, and judgment accordingly. The defendants pleaded that it was understood that the note was payable in Confederate money. The testimony is somewhat contradictory on this question, but there were witnesses who stated that the administrator at the time of the hire of the slave, declared publicly that money at par with specie would be required, and he hoped that such would be the fact relative to Confederate money. The verdict is erroneous, since, if the note was to be paid in Confederate money, being an illegal contract, it could not be enforced, and if it were a legal contract, the verdict should have been for the amount of the note and interest.

But when we take into consideration that the administrator of the estate of an intestate is an agent appointed by the court of the country, and that his authority to act emanates from the statutes and the orders of a judicial tribunal, and that these laws and orders are public, and that he has no authority to make any other contract, or do any other act, than as an agent of the law, no other testimony could be introduced than the statutes and orders governing him as administrator.

We judicially know that there were no such statutes, and we certainly can not presume that a Probate Judge would act illegally. Had there been such an order, it could and undoubtedly would have been produced as testimony at the trial.

The judgment is reversed and reformed.

Ordered accordingly.